UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Christopher Edwards,

    Plaintiff,

    v.                                Civil Action No. 2:19–cv–151-cr-jmc

Michael Touchette et al.,

    Defendants.

## REPORT AND RECOMMENDATION
(Doc. 12)

Christopher Edwards, a Vermont inmate proceeding *pro se*, brings this action under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights during his furlough revocation hearing. (Doc. 5 at 3–4.) Specifically, Edwards claims that Defendants used hearsay evidence to find him in violation of his conditions of release and that there was insufficient evidence to support the revocation. (*Id.*) He further asserts that Defendants retaliated against him by issuing a press release before releasing him back into the community. (Doc. 5-1 at 2.) He names as Defendants the State of Vermont; Michael Touchette, former Commissioner of the Vermont Department of Corrections (DOC)[1]; Tyler Bixler, a probation officer employed by the DOC; and Doug Densmore, a supervisor at the

---

[1] Since the filing of this suit, Michael Touchette has stepped down as Commissioner of the DOC. As Touchette's successor has not yet been appointed, under Federal Rule of Civil Procedure 25(d), the Commissioner of the Vermont DOC is automatically substituted for Touchette with respect to the official-capacity claims brought by Edwards.

Burlington Probation and Parole office, who is also employed by the DOC. (Doc. 1 at 1; Doc. 12 at 2.) Edwards seeks injunctive relief as well as money damages. (Doc. 5 at 1, 5–6; Doc. 5-1 at 7.)

Presently before the court is Defendants' unopposed Motion to Dismiss Edwards' Complaint. (Doc. 12.) For the reasons set forth below, I recommend that Defendants' Motion to Dismiss (Doc. 12) be GRANTED.

## Background

In his Complaint,[2] Edwards alleges that his furlough was revoked based on "nothing but [h]ear[]say" evidence. (Doc. 5 at 3.) He does not provide a precise date, but states that "[t]he events giving rise to [his] claim arose approximat[e]ly 1 day prior to [his] furlough revocation . . . [a]t Farrells Distributing Co. in South Burlington[,] VT at around 1pm." (*Id.*) Edwards does not set forth any facts about what happened that day or specify what evidence he alleges was hearsay. He asserts that "[t]here were no charges or affidavits stem[m]ing from the situation" and that "[t]he person who made the orig[i]nal complaint has a personal grudge against [him]." (*Id.*) He states that he "remain[e]d calm and profes[s]ional" during the incident and promptly called his probation officer, Defendant Bixler, "to inform him of the situation and police contact as required of [him]." (*Id.*)

As a result of his furlough revocation and reincarceration, Edwards claims that he lost "an amazing job at Bakers Dist., where [he] stood to make a lot of

---

[2] Edwards' Complaint includes a handwritten, form template entitled Complaint for Civil Rights Violations (42 U.S.C. § 1983), which spans 12 pages. (*See* Doc. 5 at 7–18.) This portion of Edwards' Complaint contains no substantive information itself; rather, Edwards provides the answers to the template's prompts in separate pages. (*See id.* at 1–6.)

money," as well as time with his loved ones. (*Id.*) Because Defendants violated "certain [and] specific rights" (*id.* at 5), Edwards seeks unspecified injunctive relief in addition to compensatory and punitive damages (*id.* at 6).

In a document styled as an Amendment to his Complaint, Edwards also alleges that Defendants retaliated against him by issuing "a news media television release of Department information that was not done to protect the community—but was meant to injure, hurt, defame, and to embarrass him." (Doc. 5-1 at 2.) He contends that it is "conv[e]n[i]ent" that as soon as he filed suit against Defendants "for revoking [his] furlough due to hear[]say," he is "suddenly on the news." (*Id.* at 4.) Edwards does not allege any facts regarding the date or contents of the purported press release, but implies that it concerned him "getting kids drunk and rap[]ing them." (*Id.*) He asserts that "[t]his is public retaliation no matter how you look at it." (*Id.* at 5.) He vaguely requests "emergency injunctive relief." (*Id.* at 7.)

## Analysis

### I. Standard of Review

In evaluating whether to dismiss a complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the court tests the pleading for "facial plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This does not require a plaintiff to provide

"detailed factual allegations" to support his claims, *Twombly*, 550 U.S. at 555, but plaintiffs must allege facts that permit "more than a sheer possibility that a defendant has acted unlawfully," *Iqbal*, 556 U.S. at 678. Accordingly, allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them," are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

In assessing the adequacy of the pleadings, a court must accept all factual assertions as true and draw all reasonable inferences in favor of the plaintiff. *Lanier v. Bats Exch., Inc.*, 838 F.3d 139, 150 (2d Cir. 2016). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see Twombly*, 550 U.S. at 555, 557 (holding that a pleading containing "a formulaic recitation of the elements of a cause of action," "labels and conclusions," or "naked assertion[s]" devoid of factual enhancement, does not satisfy Federal Rule of Civil Procedure 8(a)). A complaint is properly dismissed where, as a matter of law, "the allegations in [it], however true, could not raise a claim of entitlement to relief." *Id.* at 558. Because Edwards is representing himself, in addition to accepting his factual allegations as true, the court is also required to read his Complaint liberally and construe it to raise the strongest possible argument. *Harris v. Miller*, 818 F.3d 49, 56–57 (2d Cir. 2016) (per curiam).

## II.     42 U.S.C. § 1983

Edwards brings his claims pursuant to 42 U.S.C. § 1983.  Under § 1983, a plaintiff may bring suit "against '[e]very person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws. . . .'" *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (alterations in original) (quoting 42 U.S.C. § 1983).  "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Id.*  The U.S. Supreme Court has identified two elements of a § 1983 claim: "a plaintiff [(1)] must allege the violation of a right secured by the Constitution and laws of the United States, and [(2)] must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1983 does not itself create or establish a federally protected right; instead, it creates a cause of action to enforce federal rights created elsewhere, such as a federal constitutional right. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  Here, Edwards does not state which constitutional rights he claims Defendants violated.  His challenges to the form and sufficiency of the evidence used at his furlough revocation hearing suggests claims under the Sixth Amendment Confrontation Clause (Doc. 5 at 3 (alleging his furlough was revoked based on "nothing but [h]ear[]say")) and the Fourteenth Amendment Due Process Clause (*id.* ("There were no charges or affidavits stem[m]ing from the situation.")).  *See Ladd v. Hoffman*,

No. 1:07–CV–176, 2008 WL 2439869, at *3 (D. Vt. June 13, 2008) (classifying claims that there was insufficient evidence to revoke furlough status as "due process-related claims"). Edwards also implicates the First Amendment by asserting that Defendants issued a press release in retaliation for his filing of a lawsuit. (Doc. 5-1 at 2.) However, because I recommend dismissal for the reasons discussed below, it is unnecessary to conclusively determine the constitutional provisions under which Edwards' claims arise.

### III.   Federal Rule of Civil Procedure 8(a)

Defendants move to dismiss Edwards' Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. (Doc. 12 at 3–6.) Rule 8 provides, in relevant part, that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "[n]o technical form is required," "[e]ach allegation must be simple, concise, and direct." *Id.* 8(d)(1). The Supreme Court has held that, under Rule 8's "entitlement requirement," a complaint must contain enough facts and "possess enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557; *see also Iqbal*, 556 U.S. at 678 (holding that Rule 8 calls for "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (internal quotation marks omitted)).

To satisfy this standard, the complaint must "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay*

*v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted). Thus, Rule 8 ensures that the defendant has "fair notice of the claim[s] asserted" against him. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). When a complaint does not comply with the requirements of Rule 8, "the court has the power, on its own initiative or in response to a motion by the defendant, . . . to dismiss the complaint." *Id.* In such a case, the court should generally grant the plaintiff leave to amend. *Id.*

Here, Edwards' Complaint does not satisfy Rule 8. His allegations are general and conclusory. Edwards essentially claims that Defendants violated his constitutional rights, but he fails to include any animating facts about the incident giving rise to the alleged violations. He states that the relevant events occurred the day prior to his furlough revocation, but he does not set forth any facts about what happened that day. (Doc. 5 at 3.) Likewise, although Edwards asserts that Defendants issued a retaliatory press release, his Complaint is bereft of any facts in support of his claim. (Doc. 5-1 at 2, 4.) "In the absence of factual allegations, the [c]ourt cannot determine whether [he] has a plausible entitlement to relief." *Stephens v. Chief of Police*, File No. 1:16–cv–270–jgm, 2016 WL 7408850, at *2 (D. Vt. Dec. 22, 2016); *see also Iqbal*, 556 U.S. at 678 (holding that Rule 8 requires a complaint to contain enough background facts for the court to reasonably infer that defendant is liable to plaintiff). Because Edwards' Complaint fails to satisfy Rule 8's entitlement requirement, I recommend Defendants' Motion to Dismiss (Doc. 12)

7

be GRANTED and that Edwards' Complaint be dismissed with leave to file an amended complaint.[3]

## IV.  Official-Capacity Claims for Money Damages

Defendants also move to dismiss Edwards' claims against them in their official capacities.  (Doc. 12 at 6–8.)  Section 1983 allows suit against "persons."  State officers sued in their official capacity are not "persons" subject to suit under § 1983.  *See Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989) ("Obviously, state officials literally are persons.  But a suit against a state official in his or her official capacity is not a suit against that official but rather is a suit against the official's office."); *Hafer v. Melo*, 502 U.S. 21, 27 (1991).  Accordingly, Defendants in their official capacities are not "persons" under § 1983 and Edwards' claims against them must be dismissed.

In addition, the Eleventh Amendment[4] protects a state from suits in federal courts unless there has been an explicit and unequivocal waiver of immunity by a state or a similarly clear abrogation of immunity by Congress.  *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*,

---

[3] Alternatively, Defendants request a more definite statement.  (Doc. 12 at 5–6.)  A more definite statement is appropriate where the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e); *see also FRA S. p. A. v. Surg-O-Flex of Am., Inc.*, 415 F. Supp. 421, 427 (S.D.N.Y. 1976) ("Rule 12(e) is designed to correct only unintelligibility in a pleading[,] not merely a claimed lack of detail.").  Because the result would be "fundamentally the same," it is unnecessary to address Defendants' alternative motion for a more definite statement.  *See Gentlewolf v. Windham Cty. Humane Soc'y, Inc.*, No. 1:08–CV–261, 2009 WL 4067798, at *5 (D. Vt. Nov. 23, 2009).

[4] The Eleventh Amendment bars federal suits against state governments by citizens of another state or foreign country as well as by a state's own citizens.  *See Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

465 U.S. 89, 99 (1984). This protection also extends to suits for money damages against state officials in their official capacity. *Brandon v. Holt*, 469 U.S. 464, 471 (1985). The State of Vermont has not waived its Eleventh Amendment sovereign immunity. In fact, the Vermont Legislature has specifically preserved the State's immunity under that Amendment. *See* 12 V.S.A. § 5601(g) (Vermont Tort Claims Act reserves Eleventh Amendment immunity for all claims not specifically waived). It is also well settled that Congress did not abrogate state sovereign immunity by enacting § 1983. *See Quern v. Jordan*, 440 U.S. 332, 340–42 (1979). Consequently, Edwards' claims against the State of Vermont as well as his claims against Defendants in their official capacities are barred.[5]

## V.    Individual-Capacity Claims for Money Damages

Defendant Touchette further argues that Edwards' claims against him in his individual capacity should be dismissed for lack of personal involvement. (Doc. 12 at 8–10.) "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Spavone v. N.Y. State Dep't Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013) (internal quotation marks omitted); *see also Warren v. Pataki*, 823 F.3d 125, 136 (2d Cir. 2016). However, supervisory officials may not be held liable merely because they hold positions of authority. *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir.

---

[5] To the extent that the DOC is a party to this suit, and given its status as a state agency, any claims brought against it are also barred by the Eleventh Amendment. *See Pennhurst*, 465 U.S. at 100 (finding that agencies and departments of a state are entitled to assert the state's Eleventh Amendment immunity); *see also Thompson v. Pallito*, 949 F. Supp. 2d 558, 572 (D. Vt. 2013) ("Neither a state nor one of its agencies . . . is a 'person' under § 1983." (quoting *Spencer v. Doe*, 139 F.3d 107, 111 (2d Cir. 1998))).

1996); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (per curiam) ("[M]ere linkage in the prison chain of command is insufficient to implicate [prison officials] in a § 1983 claim." (internal quotation marks omitted)).

In order to prevail on a § 1983 cause of action against an individual, a plaintiff must establish some "tangible connection" between the unlawful conduct and the defendant. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Thus, supervisory personnel may be considered personally involved if they: (1) directly participated in the violation; (2) failed to remedy that violation after learning of it through a report or appeal; (3) created, or allowed to continue, a policy or custom under which the violation occurred; (4) had been grossly negligent in managing subordinates who caused the violation; or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation was occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

Edwards' Complaint does not allege any facts from which the court can infer that Touchette was personally involved in the alleged constitutional violations. Beyond being named as a party, Touchette's name does not appear in the text of the Complaint.[6] Edwards does not allege that Touchette himself introduced hearsay evidence at the furlough revocation hearing, issued the press release, or that he otherwise directly participated in any unlawful action. He does not aver that Touchette had a policy or custom of revoking furlough with improper or insufficient

---

[6] Although only Touchette seeks dismissal for lack of personal involvement, Defendant Densmore's name similarly is not mentioned in the text of the Complaint. Defendant Bixler is referenced only once: Edwards alleges he called Bixler after the incident at Farrells Distributing Co. "to inform him of the situation." (Doc. 5 at 3.)

10

evidence or issuing retaliatory press releases. In fact, Edwards does not even contend that Touchette was aware of the alleged constitutional violations. *See Jordan v. Fischer*, 773 F. Supp. 2d 255, 278 (N.D.N.Y. 2011) (stating that defendants must become aware of the alleged unconstitutional acts while they are ongoing and capable of being remedied). Thus, Edwards' claims for damages against Touchette in his individual capacity should be dismissed for lack of personal involvement.

## VI.  Defendants' Additional Arguments

Because I recommend dismissal of Edwards' claims for the reasons described in this Report and Recommendation, I do not consider Defendants' additional argument that Edwards' claims for compensatory damages are barred by the physical injury requirement of the Prison Litigation Reform Act (PLRA). (Doc. 12 at 10–11.) Under 42 U.S.C. § 1997e(e), a prisoner may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See also Thompson v. Carter*, 284 F.3d 411, 417 (2d Cir. 2002) (same). However, even absent physical injury, a prisoner-plaintiff may still recover compensatory damages for the loss of a "constitutional liberty interest." *See, e.g., Holland v. City of New York*, 197 F. Supp. 3d 529, 537 (S.D.N.Y. 2016) (collecting cases). Here, it is not clear whether Edwards' claims implicate a protected liberty interest to exempt him from the physical injury requirement. *See Bock v. Gold*, No. 1:05–CV–149, 2010 WL 370305, at *2 (D. Vt. Jan. 25, 2010) (declining to decide whether a liberty interest exists for a furloughed inmate facing

11

revocation in Vermont because, even if it did, it was not clearly established for qualified immunity purposes), *aff'd Bock v. Gold*, 408 F. App'x 461 (2d Cir. 2011); *Bessette v. Pallito*, No. 1:13–cv–252–jgm–jmc, 2014 WL 1744265, at *5 (D. Vt. Apr. 30, 2014) ("The [c]ourt has suggested that, where a prisoner was previously released on furlough and furlough was subsequently revoked," a liberty interest may be created.); *see also Lipton v. Cty. Of Orange, N.Y.*, 315 F. Supp. 2d 434, 457 (S.D.N.Y. 2004) (holding that PLRA physical injury requirement does not bar compensatory damages for First Amendment retaliation claims). However, because I recommend dismissal, it is unnecessary to determine at this stage whether Edwards' claims implicate a protected liberty interest and whether the PLRA bars his claims for compensatory damages.

For the same reasons, it is unnecessary to address whether Edwards has alleged sufficient facts to support his claims for punitive damages. *See DiSorbo v. Hoy*, 343 F.3d 172, 186 (2d Cir. 2003) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)) (explaining that punitive damages may be awarded in a § 1983 action only when the plaintiff can show that the defendant's conduct was "motivated by evil motive or intent, or . . . involve[d] reckless or callous indifference to the federally protected rights of others").

## VII. Leave to Amend

As previously noted, I recommend Edwards' Complaint be dismissed with leave to file an amended complaint. A *pro se* plaintiff should ordinarily be granted the opportunity "to amend at least once when a liberal reading of the complaint

12

gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks omitted). Here, although Edwards' initial Complaint contains insufficient factual allegations to show a plausible entitlement to relief, "[the Second] Circuit's precedent encourages giving [him] another opportunity." *Montpelier v. Green Mountain Care*, Case No. 2:19-cv-84, 2019 WL 5102715, at *3 (D. Vt. Oct. 11, 2019). Accordingly, I recommend that the court grant Edwards leave to amend his Complaint.

Edwards is advised that an Amended Complaint, if filed, will supersede and completely replace the original Complaint. *See Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Accordingly, an Amended Complaint, if filed, must include all of Edwards' factual allegations in their entirety and must set forth all the claims Edwards has against all defendants and all the relief he seeks; reference back to the original Complaint is insufficient under Rule 15(b) of the Local Rules of Civil Procedure for the District of Vermont. *See* Fed. R. Civ. P. 8(a); L.R. 15(b). Equally important, an Amended Complaint must comport with the Federal Rules of Civil Procedure, including setting forth a short and plain statement of the relevant facts supporting each claim as required by Rule 8. Thus, Edwards "must further detail his claims to state a claim for relief." *Jeong-Suk No v. Bank of Am.*, 19-CV-11284 (CM), 2020 WL 1331934, at *4 (S.D.N.Y. Mar. 23, 2020). In the event Edwards elects not to file an Amended Complaint, I recommend dismissal of all claims for the reasons set forth in this Report and Recommendation.

## Conclusion

For these reasons, I recommend that Defendants' Motion to Dismiss (Doc. 12) be GRANTED, and Edwards be granted leave to amend his Complaint.

Dated at Burlington, in the District of Vermont, this 4th day of August 2020.

/s/ John M. Conroy            .
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).