U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2020 SEP 21 PM 1: 13

CLERK

BY ⟨signature⟩
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

CHRISTOPHER EDWARDS,            )
                                )
        Plaintiff,              )
                                )
    v.                          )   Case No. 2:19-cv-151
                                )
STATE OF VERMONT, JIM BAKER,    )
TYLER BIXTER, and DOUG DENSMORE,)
                                )
        Defendants.             )

**OPINION AND ORDER
ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS' MOTION TO DISMISS, AND
GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT**
(Docs. 12 & 13)

This matter came before the court for a review of the Magistrate Judge's August 4, 2020 Report and Recommendation ("R & R") (Doc. 13), in which he recommended the court grant the motion to dismiss filed by Defendants State of Vermont, Jim Baker, Commissioner of the Vermont Department of Corrections ("DOC"),[1] Tyler Bixter, and Doug Densmore (collectively, "Defendants") (Doc. 12). Defendants argue that Plaintiff Christopher Edwards's Complaint arising out of a furlough revocation proceeding fails to state a claim for which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). No party has filed an objection to the R & R, and the time period to do so has expired.

Plaintiff is self-represented. Defendants are represented by Vermont Assistant Attorney General Robert C. Menzel.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d

---

[1] Since Plaintiff filed his Complaint on September 4, 2019, Michael Touchette resigned as the DOC Commissioner.

Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his fourteen-page R & R, the Magistrate Judge carefully reviewed the factual allegations, potential causes of action, and requests for relief set forth in Plaintiff's Complaint and concluded that Defendants' motion to dismiss should be granted because Plaintiff's Complaint lacks a short and plain statement of the claims as required by Rule 8. *See* Fed. R. Civ. P. 8(a) (requiring a complaint to contain a short and plain statement of the grounds for the court's jurisdiction; a short and plain statement of the claim showing an entitlement to relief; and the simple, concise, and direct phrasing of each allegation).

The Magistrate Judge further recommended dismissal of Plaintiff's claims for monetary damages under 42 U.S.C. § 1983 against Defendants in their official capacities because § 1983 does not authorize suits against state officers in their official capacities, *Hafer v. Melo*, 502 U.S. 21, 26 (1991), and Eleventh Amendment sovereign immunity bars suits for monetary damages against state officials acting in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A] plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.").[2]

With regard to Plaintiff's claim for monetary damages against Defendant Baker in his individual capacity, the Magistrate Judge correctly concluded that Plaintiff failed to

---

[2] The State of Vermont has not waived its sovereign immunity. *See* 12 V.S.A. § 5601(a) ("The State of Vermont shall be liable for injury to persons or property or loss of life caused by the negligent or wrongful act or omission of an employee of the State while acting within the scope of employment, under the same circumstances, in the same manner, and to the same extent as a private person would be liable to the claimant[.]").

2

allege that Defendant Baker was personally involved in the alleged constitutional violations. *See Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). Finally, the Magistrate Judge properly declined to address whether Plaintiff's claims for compensatory damages are barred by the physical injury requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e). He, however, recognized the possibility that Plaintiff may seek to recover damages due to the loss of a constitutional liberty interest. Should Plaintiff seek to file an Amended Complaint, he must decide how he will frame this claim and support it by plausible factual allegations.

## LEAVE TO AMEND

The Second Circuit has stated that a "*pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)); *see also* Fed. R. Civ. P. 15(a)(2) (providing that "[t]he court should freely give leave [to amend the pleading] when justice so requires"). The court grants Plaintiff leave to file an Amended Complaint within thirty (30) days from the date of this Order.

If Plaintiff chooses to file an Amended Complaint, he must comply with the Federal Rules of Civil Procedure including stating the factual and legal bases for his causes of action. *See* Fed. R. Civ. P. 8(a) (listing required contents of a pleading that states a claim for relief). In his Amended Complaint, Plaintiff must allege all claims and name all defendants that Plaintiff intends to include, as the Amended Complaint will take the place of the initial Complaint in all respects. For further reference, Plaintiff may consult the court's Representing Yourself as a *Pro Se* Litigant Guide, available at https://www.vtd.uscourts.gov/sites/vtd/files/ProSeGuide113015.pdf, or contact the District of Vermont Clerk's office for a self-represented party's informational pamphlet.

**Failure to file an Amended Complaint in the time period provided shall result in the dismissal of this case.**

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 13) as the court's Opinion and Order and GRANTS Defendants' motion to dismiss. (Doc. 12.) Plaintiff's action will be DISMISSED if an Amended Complaint is not filed within thirty (30) days from the date of this Order.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 21st day of September, 2020.

Christina Reiss, District Judge
United States District Court